We'll now turn to Ayala-Alfaro v. Sessions and for the petitioner we have Peter Hurtado right and for the government again Aaron Nelson. So this case is set for 10 minutes per side and so Mr. Hurtado could please proceed. Good morning my name is Peter Hurtado and I'm representing Mr. Ayala-Alfaro and I'm here in the courtroom with my associate attorney Yesenia Bash Ramos and I'd like to reserve two minutes for rebuttal. Okay we'll try to remind you if we can recall but just watch your time. Thank you. Today I'd like to talk about two issues one is the nexus issue and the other is the board's independent basis for denying the claim that is whether or not the government of El Salvador would be able or willing to protect the petitioner. Let me before you get too far into your argument the way I see the record it's been 15 years since this incident occurred and I believe the civil war is just over completely and I guess my question to you is you really think that there's still a danger here and if so why? Sure like many asylum claims the harm happened many years ago 2003 is a long time ago 15 years ago. Obviously it's the petitioner's position that he's still in danger given the country conditions. I'm not a history expert on this matter of course the peace accords were signed in 2003 and he's alleging harm after those accords. I know that the current situation in El Salvador is outside the record. I don't know that the national liberation front is in any leadership position in the country to do any harm to the petitioner but that would be his position that even though these things happen people have long memories and it's very typical in an asylum or withholding of removal claim that petitioners and applicants for withholding of removal feel that there's still a danger in their home country that people will remember them. So the questions I have are two. The first is I thought that the testimony indicated would indicate that the people who attacked him didn't know about his prayer. military background in the civil war because they said if you're in the military we'll kill you but then they let him go so it sounds more like a random crime and the second thing is what evidence is there in the record that would suggest that the government in El Salvador is unwilling or unable to give him protection. Thank you. You are correct. The testimony does indicate that he denied being in the military to his attackers. The board's decision does reference a statement by the attackers saying no we know you've been there you've done that. It's the petitioner's position that his attackers nevertheless knew or believe that he was in the military but you are correct that there's no statement for instance by the attackers. We know we have evidence to believe that you were in the military this is why we're attacking you. That is typical of a withholding of removal claim that often persecutors don't specifically state their motives. It's left to the circumstances and testimony. The other point on the related to that that was on my mind was I thought the attackers under his testimony specifically said if we find out you're in the military we're going to kill you but then they did let him go which would suggest by implication that they didn't know he was in the military. Well yes and thank goodness for that that they didn't know or didn't believe or didn't at that moment decide to take retribution against him for being in the military. It's our position that they did believe that and that the violence or the attack escalated from there if you follow the petitioner's testimony it seems that they were taken to a field he was tied up then there were these questions and then there was the unfortunate attack against the his partner. So it would be our position that it could have been a warning it could have been some sort of threat that was from there that if we find out this is what we're going to do to you but you are correct that they thankfully did not do it at that time. You had asked a second question about what evidence is there in the record regarding the likelihood that they would harm him in the future is that correct? Well also that the government of El Salvador is unable or unwilling to credible testimony of the petitioner often these cases turn on that he has a subjective fear of of this harm continuing he believes that he's still in this danger and the either the board or the immigration judge referred to this as speculative so we do recognize that we can't just rely on that testimony that we have to turn to country reports which talk about lawlessness and impunity and those kinds of things that won't where an attack like this won't be stopped by the police or government it certainly wasn't stopped in 2003 and so it's our position that he's still facing this type of harm. One of the major issues in this case as we see it is about the nexus to a protected ground so we do recognize that there's the independent basis if if you don't believe that there's a reasonable harm or reason a clear probability of harm we still feel like the court should evaluate the nexus and that the board of immigration appeals did not have the benefit of the Barajas Romero holding which held that in this type of case and withholding of removal case that the proper standard to evaluate the nexus would be the a reason rather than one central reason and for for the reasons argued in the brief we would argue that certainly this was a reason for the harm for this for the reasons we I've already discussed certainly the board did not seem to close the door on the possibility that political opinion that is his opinion against the national liberation front they didn't seem to close the door on the possibility that this was related or at least a partial reason or as I would as as the court in Barajas Romero stated that it was a reason and so we feel like remand is appropriate in light of that new case and and at that point we think that the merits or the the facts of the case would support a finding that it was certainly a reason for the harm do you want to you would want it to reserve two minutes for rebuttal great thank you and close okay Mr. Nelson nice to see you again yes sir likewise can't come all this way and just do one case may it please the court your honors the court should deny the petition for review in this case for either one of two reasons first despite the the board's recitation of the one central reason standard we believe the case remains unaffected by the ninth circuit's Barajas decision because the agency held that there was no nexus between the harm he suffered and a protected ground and we believe that this that finding withstands substantial evidence review and in support of that position I would direct the court to the board's 2016 decision where it specifically said we incorporate here in our previous decision as well as that that of the immigration judge which which it described as a lengthy analysis and found no clear error where the IJ found the respondent did not establish the requisite nexus to an enumerated category and if you'll indulge me one more citation to the record the board incorporates specifically the IJ decision the IJ decision is an unequivocal finding and I'm quoting from the record at 115 the evidence does not establish these men the attackers knew respondent or knew that he had been in the military and because they did not know him or of his prior military service they did not target him because he was a former member member of the military nor did they impute to him anti-fmlm political opinion it goes on to say uh there's there's no evidence the men who attacked respondent knew who he was or anything about him the court finds respondent has failed to establish that the harm he suffered had any nexus to any protected ground whatsoever well didn't ayala himself say they asked if i'd been a member of the military i said no and they said no we know you've been there you've done that we're going to kill you and maybe they changed their mind about killing him but doesn't that language imply that they did in fact um seek him out and think he was a member of the military i don't believe it does your honor and in part we get to what i believe is that conclusion properly by for example looking at the chronology of the attack he's waiting on a dark road in el salvador for his partner to come to get off work she gets off the bus he says that he notices suspicious individuals in the in the near distance and he wants to avoid them and they say to him don't try to avoid us unless you want to see bloodshed he says why would i want to avoid you they have guns they have bandanas or or something that says fmln on them but they don't make any statement in regard to either their their affinity for a moribund guerrilla group or any assumption about him at this point they say they direct him and his partner to the sugar cane field and and they're armed where he is tied up with his shoelaces and his partner is tied up they strike him about the head so all of this happens before the back and forth questioning happens and to your honor's point we would say that they they ask him if he's in military he says no i'm not he says that twice they say no we know you've been there we know you've done that he says no i haven't i haven't been there obviously referring to military service the immigration judge as the trier of fact in the first instance specifically reviewed this testimony and the in statement made in a sugar cane field in the midst of an attack with no other evidence to support a finding that he was targeted for that military experience did not provide a nexus to a protected category that their motivation was not not on a protected ground and so at this stage i would say that under substate under the rubric of substantial evidence review those conclusions those factual findings are conclusive unless that single statement made 14 years after he finished military service some 10 years after the civil war ended against a record which shows yes a lot of crime in el salvador but a record that does not show that there's crime against former military men or this record doesn't even suggest that the fmln is still active against military members that we owe deference to the trier of fact in the first instance and the the the findings below should should be upheld based on nexus and and again that's our position why the remit it's not remand worthy in light of barajas whereas barajas we this court found that maybe um indeed the individual in barajas was targeted at first for a non-statutory ground after day two and day three of his harm it merged into a statutory ground we have nothing here we have we do have the ones the one statement but again i would say that we owe deference to the trier of fact in the first instance um and also when he on cross-examination the dhs attorney asked him well maybe the couldn't it be the case that they didn't know that you were military based on this back and forth and he he said something i'm paraphrasing maybe that maybe that he admitted that maybe they didn't know so again when we weigh the factual findings when he has admitted that maybe they didn't know i would say that in of itself is enough to support the the findings below there's an independent basis that i'll just address briefly the unable or unwilling to protect um finding the government role and we believe as we point out in our brief that petitioner has essentially waived this claim by failing to present much of an argument at all in support of that that notwithstanding um the petitioner in this case the did not report this incident to to the um to the authorities in el salvador and we acknowledge that that is not now by this court's jurisprudence dispositive of the unable or unwilling to protect but it is still a factor and he points to nothing else that would suggest that he's met that uh independent element of a withholding of removal claim so for either or both of those reasons we believe that the petition for removal should be denied and against judge gould's um admonishment at the beginning this morning i'm happy to take your questions or or stand on the briefs great well i have no further questions sounds to me like you're off the questioning hot seat right now but but uh mr portano gets a rebuttal sir certainly thank you thank you so to follow up on what we just heard and some of the questions before uh again just like the petitioner in barajas we feel like the chronology of the attack actually supports a finding that political opinion would be a reason again when the when the board of immigration appeals is makes a finding like we it was reasonable for the immigration judge to infer that one statement was not enough to show a finding of one central reason again the standard now is a reason and so it seems appropriate that the board would have a chance to evaluate it under that standard um and we recognize that even if the board finds that there is a nexus the pardon me even if the court finds that there is a nexus that the court has doubts about the reasonability of future harm again we're relying on the respondent's own statements that he believes he's still at risk this happened years and years after the peace accords yes we we have another 15 years on top that now however we feel like the country reports support a finding that it is a reasonable there is a reasonable a clear probability of of harm that's all okay hearing no further questions i want to thank counsel on both sides for your excellent arguments and you know we were always fortunate to have great arguments from seattle lawyers and from visiting dc lawyers so we appreciate it the case of ayala alfaro versus sessions shall be submitted
judges: Gould, Watford, Rothstein